IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAUNDA SANDERS and MAURICE SANDERS,<br>　　Plaintiffs,<br>　　　　v.<br>ELIMGINGTON PROPERTY MANAGEMENT, LLC, *et al.*,<br>　　Defendants, | Civil Action No.<br>1:22-cv-03985-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Shaunda Sanders and Maurice Sanders's Motion for Leave to File Second Amended Complaint (the Motion to Amend) [ECF 26] and Defendants Elmington Property Management, LLC; 101 Davenport Drive Holdings, LLC; Shield Security Solutions, LLC; Southeast Multi-Family Apartments, LLC; and David Deshong's Motion to Dismiss, or alternatively, Motion for Summary Judgment (the Motion to Dismiss) [ECF 29]. After careful consideration of the parties' briefing, the Motion to Amend [ECF 26] is **GRANTED,** and the Motion to Dismiss [ECF 29] is **DENIED**.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On June 26, 2020, Plaintiffs allegedly sustained injuries arising from a slip-and-fall incident that occurred in Tennessee.[1] On February 26, 2021, Plaintiffs filed suit against Defendants (the Original Complaint) in the Circuit Court of Davidson County, Tennessee.[2] On September 23, Plaintiffs filed a "Notice of Voluntary Dismissal Without Prejudice," and, on October 4, the Tennessee court entered an order approving the voluntary dismissal and dismissing the case without prejudice.[3] Just shy of one year later, on October 3, 2022, Plaintiffs filed this lawsuit (the Renewal Complaint).[4] Plaintiffs filed the pending Motion to Amend on January 24, 2023,[5] and on February 7, Defendants filed their Motion to Dismiss.[6] The motions are now ripe for adjudication.

II. **LEGAL STANDARD**

When faced with a motion for leave to amend a complaint, "[a] court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the

---

[1]  ECF 1, ¶¶ 1, 13, 16.

[2]  ECF 31-2.

[3]  ECF 31-3.

[4]  ECF 1.

[5]  ECF 26.

[6]  ECF 29.

decision of whether to grant leave to amend is committed to the sound discretion of the district court. *S. Grouts & Mortars., Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009); *Interstate Nat'l Dealer Servs., Inc. v. U.S. Auto Warranty*, LLC, 2015 WL 13273318, at *8 (N.D. Ga. Dec. 11, 2015) ("[L]eave to amend is by no means automatic."). The Eleventh Circuit has advised that a court should deny leave only "where there is a substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

An amendment is futile "when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Indeed, the standards for futility under Fed. R. Civ. P. 15(a)(2) and plausibility under Fed. R. Civ. P. 12(b)(6) are the same: Futility means that the amended complaint would fail to state a plausible claim upon which relief could be granted. *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1042 (11th Cir. 1986). "Stating a plausible claim requires pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gotel*

*v. Carter*, 2022 WL 433704, at *3 (11th Cir. Feb. 14, 2022) (cleaned up). Relevant to this case, the denial of leave to amend the complaint and the dismissal of a case based on the applicable statute of limitations are appropriate when "it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

### III. DISCUSSION

#### A. The Motion to Amend

##### 1. Georgia's Conflict-of-Laws Rules Apply.

Plaintiffs assert claims for common law negligence.[7] Where, as here, the alleged harms underpinning a plaintiff's tort claim occurred in another state, a court must first decide whether to apply the laws of (1) the forum, (2) the locus of the injury, or (3) both. To resolve this choice-of-law problem, "[a] federal court sitting in diversity will apply the conflict-of-laws rules of the forum state"—in this instance, Georgia. *Grupo Televisa, S.A. v. Telemundo Comm. Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Under Georgia's conflict-of-laws rules, when a plaintiff sues in tort for alleged harms that occurred elsewhere, a court must apply the substantive statutory law of the state in which the tort was committed and

---

7   ECF 1, at 5–6.

Georgia's procedural laws. *Fed. Ins. Co. v. Nat'l Distrib. Co.*, 203 Ga. App. 763, 764 (1992).[8]

Following this logic, "a Georgia court or a federal court applying Georgia's 'choice of law' in a tort action which arose in a state other than Georgia will apply Georgia's statute of limitations to the foreign jurisdiction's causes of action, because issues related to statute[s] of limitations are generally viewed as procedural." *De La Paz v. DBS Mfg., Inc.*, 2009 WL 10670401, at *3 (N.D. Ga. Sept. 10, 2009). Georgia's personal injury statute of limitations allows a plaintiff two years to sue after the claim accrues. O.C.G.A. § 9-3-33 (2023). Thus, Plaintiffs had until June 26, 2022, to assert their tort claims.[9]

Although Plaintiffs brought the Original Complaint in Tennessee state court well within the two-year Georgia statute of limitations period,[10] they voluntarily dismissed the Original Complaint and waited until October 3, 2022—over three

---

[8] "In the absence of a statute . . . at least with respect to a state where the common law is in force, a Georgia court will apply the common law as expounded by the courts of Georgia." *Coon v. Med. Ctr., Inc.*, 300 Ga. 722, 729 (2017) (citing *Latine v. Clements*, 3 Ga. 426, 430 (1847)).

[9] ECF 1, at 5–6.

[10] The Original Complaint was also timely filed under Tennessee's statute of limitations for tort claims. Tenn. Code Ann. § 28-3-104 (2017) (requiring personal injury claims to be filed within a year of the injury).

months too late—to file the Renewal Complaint in this Court.[11] The parties do not dispute that the Renewal Complaint in fact advances a renewal action.[12] And, based on the fact that they primarily dispute the application of one renewal statute or another, the parties appear to agree that Plaintiffs could only bring the Renewal Complaint if the statute of limitations were tolled or excepted by a renewal statute.[13] The only question is which state's renewal statute applies.

## 2. Tennessee's Renewal Statute Applies.

This case presents a true conflict of laws. Both Georgia and Tennessee have renewal statutes on the books.[14] Tennessee's renewal statute provides that, if an "action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action," the plaintiff may refile the action within one year, even if the statute of limitations on the claim has since run. Tenn. Code Ann. § 28-1-105(a) (2023). Under Georgia's renewal statute, however, "[w]hen any

---

[11]  ECF 1.

[12]  *See generally* ECF 29-5 (arguing that the claims are time-barred, not that they are improperly renewed).

[13]  *See* ECF 29-5 (discussing the application—or not—of Georgia's and Tennessee's savings statutes).

[14]  Georgia uses the term "renewal," and Tennessee uses the term "saving," but these terms in this context mean the same thing.

case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . within six months after the discontinuance or dismissal, whichever is later." O.C.G.A. § 9-2-61(a) (2023). Because the Tennessee court dismissed the Original Complaint on October 4, 2021, Tn. R. Civ. P. 41.01 ("The date of entry of the order [following a plaintiff's notice of voluntary dismissal] will govern the running of the pertinent time periods."), and Plaintiffs filed the Renewal Complaint on October 3, 2022, Plaintiffs' claims survive only if Tennessee's renewal statute applies.

Admittedly, neither Georgia appellate courts nor federal courts applying Georgia choice-of-law rules have spoken definitively on this issue. The Fifth Circuit has come as close as any court undersigned has identified: "[I]f a matter is 'substantive' the federal court will follow the pertinent state law; and, if a choice of law also must be made, the federal court will apply the substantive law which would be applied under the conflict of laws rules of the forum state." *Maryland Cas. Co. v. Williams*, 377 F.2d 389, 393 n.1 (5th Cir. 1967). Here, a choice of law must be made, and Tennessee's renewal statute is substantive under Tennessee law. *Benson v. Penske Truck Leasing Corp.*, 2006 WL 840419, at *6 (W.D. Tenn. 1992) (citation omitted) ("The [Tennessee] saving statute is a substantive rule of law that a federal court must apply in diversity cases."). So, despite that "procedural or

remedial questions are governed by the law of the forum," *Fed. Ins. Co.*, 203 Ga. App. at 765, and that Georgia's "renewal statute is remedial in nature," *Trent v. Franco*, 253 Ga. App. 104, 106 (2001) (quoting *Hobbs v. Arthur*, 264 Ga. 359, 360 (1994)), Tennessee's renewal statute applies because it is substantive rather than procedural.

In support of their argument that Georgia's renewal statute applies, Defendants point to *De La Paz v. DBS Manufacturing, Inc.*, 2009 WL 10670401, at *3 (N.D. Ga. Sept. 10, 2009).[15] But there, the court concluded that "matters of limitations including exceptions to the statute of limitation are governed by the law of the state where the court sits, i.e., Georgia, ***unless the statute of limitation or exception to the statute of limitation is[ . . . ]substantive***." *Id.* (emphasis added). Ultimately, the court found that Oklahoma courts treat the Oklahoma renewal statute as remedial and therefore procedural, providing no reason to apply Oklahoma's renewal statute instead of Georgia's renewal statute. *Id.* at *4. The conflict between states' procedural statutes was resolved, according to Georgia choice-of-law rules, by applying the procedural law of the *lex fori*. This case, by contrast, presents a different scenario: Tennessee's renewal statute is

---

[15]   ECF 29-5, at 6 n.1.

substantive under Tennessee law, and a conflict between a substantive statute and a procedural statute is resolved in favor of the former. *Maryland Cas.*, 377 F.2d at 393 n.1.

This result comports with sound public policy (in both the *lex loci* and the *lex fori*) favoring disposition of cases on the merits, rather than on procedural technicalities. Under Georgia law, renewal statutes are to be "construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits." *Hobbs*, 264 Ga. at 360. Likewise, "[i]t is well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal." *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996). Given the strong public policy in both Tennessee and Georgia favoring disposition of a case on its merits, the Court finds it is appropriate to apply Tennessee's renewal statute and allow Plaintiffs leave to amend their Renewal Complaint. *See also Westrock CP, LLC v. Corrugated Synergies Int'l, LLC.*, 2022 WL 3700095, at *1 (N.D. Ga. Apr. 7, 2022) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)) ("[C]ourts keep in mind the Eleventh Circuit's 'strong policy of determining cases on their merits.'"); *Snow v. Bellamy Mfg. & Repair*, 1995 WL 867859, at *2 (N.D. Ga. Sept. 26, 1995) ("A strong federal policy favors resolution of disputes on the merits as opposed to disposition

on technicalities."). Moreover, Rule 15(a)(2) makes clear that leave to amend a pleading should be granted "when justice so requires"; here, it does.

## B. The Motion to Dismiss

Defendants' Motion to Dismiss principally advances the same argument they press in opposition to the Motion to Amend: Defendants are entitled to dismissal with prejudice or, alternatively, summary judgment because Tennessee's renewal statute does not apply and the Georgia statute of limitations on Plaintiffs' negligence claims has run.[16] Defendants also argue that, because Plaintiffs did not affirmatively plead in the Renewal Complaint that this case is a renewal action, Defendants are entitled to dismissal with prejudice or summary judgment.[17]

Because the Court grants the Motion to Amend, the Motion to Dismiss is denied as moot. Even if Defendants' motion were not moot, it would still be denied. Although best practices would dictate that Plaintiffs allege facts regarding the filing of the Original Complaint to demonstrate the criteria for renewal, their failure to do so is not grounds for dismissal with prejudice or summary judgment.

---

[16] ECF 29-5, at 4–6.

[17] *Id.* at 8.

Indeed, the facts substantiating the timeliness of the Renewal Complaint under Tennessee's renewal statute are undisputed.

## IV.   CONCLUSION

The Motion to Amend [ECF 26] is **GRANTED**, and the Motion to Dismiss [ECF 29] is **DENIED as moot**. The Second Amended Complaint [ECF 25] is the operative pleading. Defendants have not forfeited their opportunity to file a motion for summary judgment on the merits of Plaintiffs' claims.

**SO ORDERED** this 21st day of August, 2023.

Steven D. Grimberg
United States District Court Judge