# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHAUNDA SANDERS and MAURICE SANDERS,

    Plaintiffs,

v.

ELMINGTON PROPERTY MANAGEMENT, LLC; 101 DAVENPORT DRIVE HOLDINGS, LLC; SOUTHEAST MULTI-FAMILY PARTNERS I, LLC; and DAVID DESHONG,

    Defendants.

Civil Action No.
1:22-cv-03985-SDG

## ORDER

Undersigned has reviewed and considered the parties' objections to the deposition designations and rules as follows.

**I.  Plaintiffs' Deposition Designations and Defendants' Objections Thereto**

    1. **David Deshong**[1]: David Deshong is an individual Defendant in this case, and he also serves as a corporate representative for Defendants 101 Davenport Drive Holdings, LLC and Southeast Multi-Family Partners I, LLC. Accordingly, the Court **ORDERS** that Mr. Deshong be made available to testify during Plaintiffs' case-in-chief, both in his individual and corporate representative capacities.[2] Plaintiffs may not present

---

[1]  ECF 163; ECFs 183–185.

[2]  Defendants indicate in their filings that Mr. Deshong will be present at trial

Mr. Deshong's deposition testimony during trial in lieu of live testimony, except for impeachment purposes.

2. **Kimberly Corbett**[3]: Kimberly Corbett was deposed as the Rule 30(b)(6) witness for Defendant Elmington Property Management, LLC. The Court **ORDERS** that Elmington have a corporate representative available to testify during Plaintiffs' case-in-chief. Plaintiffs may not present Ms. Corbett's deposition testimony during trial in lieu of live testimony from Elmington's corporate representative, except for impeachment purposes.

3. **David Johnson**[4]: The following objections (identified by Page:Line) lodged by Defendants to Plaintiffs' deposition designations are **SUSTAINED:**

    a. 13:15-22

    b. 17:21-25; 18:1

    c. 18:4-11; 18:19-25

    d. 19:1; 19:4-8

    e. 21:25

---

and available to testify in these capacities. *See* ECFs 183–185.

[3]  ECF 163; ECF 182.

[4]  ECF 163; ECF 181.

  f. 22:1-7

Further, no exhibit may be shown to the jury on the video recording of the deposition if the exhibit has not been previously admitted by the Court or allowed to be published for some other limited purpose (such as a demonstrative aid).

All other objections raised by Defendants to Plaintiffs' deposition designations are **OVERRULED**.

4. **Geoffrey Watson**[5]: No exhibit may be shown to the jury on the video recording of the deposition if the exhibit has not been previously admitted by the Court or allowed to be published for some other limited purpose (such as a demonstrative aid).

All other objections raised by Defendants to Plaintiffs' deposition designations are **OVERRULED**.

5. **Timothy Miller**[6]: No objections raised by Defendants.

---

[5] ECF 163; ECF 180.
[6] ECF 163; ECF 186.

II.  **Defendants' Deposition Designations and Plaintiffs' Objections Thereto**

Plaintiffs' objections[7] to Defendants' deposition designations for witnesses Jason H. Harms, MD and Ronal Earl Cotter[8] are **OVERRULED**. Plaintiffs failed to provide copies of the deposition transcripts contemporaneously with their objections, as ordered by the Court[9], making it impossible for undersigned to resolve their objections, which are therefore waived. Defendants' motion to strike Plaintiffs' counter-designations and objections [ECF 187] is **DENIED**.

To the extent any party wishes to lodge an objection to any counter-designation identified by an opposing party, such objection(s) must be filed on the docket **by 5:00 pm EDT on July 7, 2025**. A copy of the relevant deposition transcript must be filed contemporaneously with the objection(s) if it has not been previously filed.

**SO ORDERED** this 6th day of July, 2025.

_____
Steven D. Grimberg
United States District Judge

---

[7] ECF 173, 177.
[8] ECFs 159–160.
[9] ECF 170.