**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 25-12729
Non-Argument Calendar

---

SHAUNDA SANDERS,
MAURICE SANDERS,

*Plaintiffs-Appellants,*

*versus*

ELMINGTON PROPERTY MANAGEMENT, LLC,
101 DAVENPORT DRIVE HOLDINGS, LLC,
SOUTHEAST MULTI-FAMILY PARTNERS, LLC,
DAVID DESHONG,

*Defendants-Appellees,*

SHIELD SECURITY SOLUTIONS, LLC, et al.,

*Defendants.*

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03985-SDG

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Shaunda Sanders fell while walking up the staircase to her apartment, sustaining injuries. Sanders and her spouse, Maurice Sanders (collectively, "Plaintiffs"), then filed this premises-liability action for negligence and wantonness, asserting a failure to maintain the stairs in a safe condition and to remedy known dangerous or defective conditions. After Plaintiffs presented their case at trial, the district court granted judgment as a matter of law to two of the four remaining Defendants, finding that they did not owe Sanders a duty of care. A jury found against Plaintiffs on their claims against the final two Defendants. Plaintiffs now appeal the grant of judgment as a matter of law. After careful review, however, we conclude that any error was harmless in light of the adverse jury verdict. So we affirm the judgment.

## I.

As relevant here, Plaintiffs sued four parties with management or ownership interests in the apartment, which was located at 210 Davenport Dr., Nashville, Tennessee.[1] Davenport Drive

[1] A fifth Defendant, Shield Security Solutions LLC, was dismissed without prejudice from the action in November 2024.

Holdings, LLC ("101 Davenport"), was the registered owner of the apartment complex. Elmington Property Management managed the property. Southeast Multi-Family Partners I, LLC, owned 101 Davenport. And David Deshong was Southeast's managing member and the owner of 11 percent of the company.

The case proceeded to trial, and Plaintiffs presented their case. As relevant here, Deshong testified that as managing member, he oversaw Southeast's real-estate portfolio, which included the apartment complex where Plaintiffs lived. Elmington managed the property for Southeast, which deferred to Elmington to handle issues of premises safety and day-to-day management. Deshong acknowledged that Southeast had duties to tenants because "we have leases to follow."

In February 2020, before Sanders's fall, Elmington notified Deshong that one of the concrete steps on the staircase to Plaintiffs' apartment was loose or wobbly. A contractor inspected the staircase and recommended replacing the bottom five steps. Elmington sought approval for the repairs from Southeast. Deshong approved the work on behalf of Southeast, and the steps were replaced. Elmington's regional manager for the apartment complex testified in more detail about Elmington's knowledge of the condition of the stairs and the circumstances of the inspection and repairs in February 2020.

Sanders's fall occurred several months later in October 2020. The parties agreed in the district court that Sanders fell at the twelfth step up from the bottom of the staircase.

Before the case was submitted to the jury, the district court granted judgment as a matter of law to Deshong and Southeast. The court reasoned that these Defendants did not owe Sanders a duty of care because Deshong was acting in a representative capacity and there was no evidence to pierce 101 Davenport's corporate veil and impose liability on Southeast.

During closing arguments, defense counsel stressed that Defendants had hired a contractor to inspect and fix the stairs upon being notified that there was a problem in February 2020, and that they otherwise lacked notice of any problem with the step where Sanders fell. Counsel did not attempt to draw any distinction between Defendants with respect to their knowledge of the condition of the stairs. Plaintiffs' counsel argued that it was negligent not to replace the entire staircase when Defendants learned in February 2020 that at least some of the stairs were unsafe.

The jury returned a verdict in favor of 101 Davenport and Elmington, finding that Plaintiffs failed to prove by a preponderance of the evidence that either Defendant was at fault for Sanders's injuries. The district court entered judgment on the verdict against Plaintiffs. This timely appeal followed.

**II.**

Plaintiffs argue that the district court erred in granting judgment as a matter of law to Deshong and Southeast. They assert that sufficient trial evidence proved that Deshong and Southeast were property owners who "had control over the staircase and its safety" and therefore owed a duty of care to Sanders.

Defendants respond that Deshong and Southeast were properly dismissed, but that, even if the court erred, any error was harmless because it had no effect on the adverse verdict, and Plaintiffs' claims were barred by the statute of limitations. Plaintiffs have not replied.

**III.**

We review de novo a district court's order granting judgment as a matter of law. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). "We examine the evidence in a light most favorable to the non-moving party and affirm if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party on that issue." *Buland v. NCL (Bahamas) Ltd.*, 992 F.3d 1143, 1148 (11th Cir. 2021) (quotation marks omitted).

Federal Rule of Civil Procedure 61 instructs that courts "must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. "Although the test for harmless error varies somewhat with the context, generally it connotes error that has little or no impact on the affected party's substantive rights." *Thomas v. Whitworth*, 136 F.3d 756, 760 (11th Cir. 1998); *see Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008) ("We will not reverse if an error of the district court is harmless, and the standard for harmless error is whether the complaining party's substantive rights were affected.").

*In Perrine v. Fredericks*, 786 F.2d 1068, 1070 (11th Cir. 1986), for example, we held that it was harmless error to grant judgment

as a matter of law to certain defendants before trial, since the appellants still "had the opportunity to fully advance their contention" to the jury, and they identified "no additional evidence . . . which they did not have an opportunity to present." *Id.*

Here, we need not resolve whether the district court erred in granting judgment as a matter of law to Deshong and Southeast after Plaintiffs presented their case.[2] Even assuming Plaintiffs are correct that the district court erred by dismissing these Defendants, any error was harmless under the circumstances. *See Thomas*, 136 F.3d at 760. At trial, Plaintiffs "had the opportunity to fully advance" their case to the jury, which found against them. *Perrine*, 786 F.2d at 1070. And they point to "no additional evidence . . . which they did not have an opportunity to present." *Id.*

Nor do Plaintiffs provide any reason to suggest that the jury would have imposed liability had Deshong and Southeast remained in the case. Indeed, Deshong's and Southeast's liability was based on the same evidence and theories as the liability of 101 Davenport and Elmington. The parties' arguments to the jury at trial did not distinguish between Defendants with respect to their knowledge or conduct. And the jury found that 101 Davenport and Elmington were not at fault for Sanders's injury. So we see little possibility that the jury would have distinguished between Defend-

---

[2] Although we see little grounds to impose personal liability on Deshong for acting on behalf of 101 Davenport and Southeast, the question of whether Southeast should have been dismissed is much closer.

ants in assessing fault, and Plaintiffs do not suggest otherwise. Accordingly, we cannot say that Plaintiffs were harmed by the removal of Defendants Deshong and Southeast from the jury's consideration. *See Thomas*, 136 F.3d at 760; *Perrine*, 786 F.2d at 1070.

For these reasons, to the extent the district court erred in granting partial judgment as a matter of law, we conclude that any error was harmless because it had "little or no impact on the affected party's substantive rights." *Thomas*, 136 F.3d at 760; *see Perrine*, 786 F.2d at 1070; Fed. R. Civ. P. 61. We therefore affirm the district court's judgment.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 14, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-12729-FF
Case Style: Shaunda Sanders, et al v. Elmington Property Management, LLC, et al
District Court Docket No: 1:22-cv-03985-SDG

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |